# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:21-cr-00396 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| SEAN DWAYNE BOOKER, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## OPINION AND ORDER

Sean Dwayne Booker pled guilty to (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One); (2) possession with intent to distribute cocaine base (also known as crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); and (3) use or carry of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (Count Three).  On January 14, 2022, the Court sentenced Mr. Booker to 24 months in prison on Counts One and Two, to run concurrently, and to 60 months in prison on Count Three, to run consecutively to Counts One and Two.  This sentence was based on a total offense level of 17 and criminal history category of V—which yielded an advisory guideline range of 46 to 57 months (Counts One and Two) and 60 months (Count Three)—and the factors set forth in 18 U.S.C. § 3553(a).

Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, Mr. Booker filed a *pro se* motion for a reduction in his sentence. (ECF No. 17.) Appointed counsel declined to file a supplement. (ECF No. 18.) The United States opposes the motion. (ECF No. 19.)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the Sentencing Guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3582(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Mr. Booker seeks a reduction in sentence because, under the Guidelines as amended, he would only receive one additional status point in his criminal history instead of two. (ECF No. 17, PageID #147.) Effective November 1, 2023, the Amendment has retroactive effect. *See* U.S.S.G. § 1B1.10(d) & (e)(2). Application of the Amendment lowers Mr. Booker's criminal history points from 11 to 10. But this change does not affect Mr. Booker's criminal history category because 10 criminal history points still falls within category V. As a result, the same guideline range applies: 46 to 57 months. The Amendment also does not affect Mr. Booker's sentence for Count Three because that offense's guideline range is dictated by statute. *See* U.S.S.G. § 2K2.4.

A defendant is not eligible for a sentence reduction if applying the retroactive amendment does not lower the defendant's guideline range. U.S.S.G. § 1B1.10(a)(2)(B); *see also* 18 U.S.C. § 3582(c)(2) ("[A] defendant who has been

sentenced to a term of imprisonment based on a sentencing range that has been subsequently *lowered*" may move to reduce the term of imprisonment.). Because the amendment does not change Mr. Booker's guideline range, he is not eligible for a sentence reduction. Therefore, the Court **DENIES** Mr. Booker's motion to reduce his sentence.

    **SO ORDERED.**

Dated: March 19, 2024

                              J. Philip Calabrese
                              United States District Judge
                              Northern District of Ohio